# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2026

Lyle W. Cayce
Clerk

————————

No. 24-20514

————————

Dakota Pietsch,

*Plaintiff—Appellant*,

*versus*

FMC Technologies, Incorporated, *doing business as* TechnipFMC,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1584

———————————————————

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

At issue is whether the district court erred in granting summary judgment to FMC Technologies, Inc. (FMC) against Dakota Pietsch's disability-discrimination claim under the Americans with Disabilities Act (ADA). AFFIRMED.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20514

I.

The following recitation of facts is based on the summary-judgment record, including, *inter alia*: depositions of Pietsch and a medical expert; and a declaration by FMC's Human Resources director.

FMC—which provides technology solutions for oil-and-gas companies—announced in November 2021 a mandatory COVID-19 vaccine policy for certain employees. It did so in response to many of its clients' imposing similar vaccine requirements for their offshore and shore-based personnel. FMC's policy required affected employees to either prove they were vaccinated or obtain an approved exemption. The vaccine requirement was a condition of employment.

Pietsch, an FMC employee during this period, suffers from a heart condition—mitral-valve prolapse (condition). He submitted a request for a medical exemption, including a "Medical Provider Statement" signed by a physician—an "expert in . . . assessing the risks/benefit profile of . . . COVID shots"—and providing that Pietsch's condition prevented his receiving the vaccine.

In response, FMC informed Pietsch his exemption request was "reviewed and approved". FMC stated it would "engage in [an] interactive process to determine a reasonable accommodation", but that he would "not be able to remain in [his then-]current position" of subsea-technical-services personnel. FMC placed Pietsch on paid-administrative leave and offered him other positions, including: frac-flowback supervisor; high-bay and/or low-bay tech; and machinist. Pietsch—claiming that these positions were unsuitable and that FMC significantly cut his pay—resigned in April 2022.

After exhausting his administrative remedies with the Equal Employment Opportunity Commission, Pietsch in April 2023 filed this action for disability discrimination under the ADA, 42 U.S.C. § 12101. He

2

asserted FMC "failed to offer [him] a reasonable accommodation that would have allowed [him] to continue to perform the essential functions of his job". FMC moved for summary judgment, and Pietsch responded.

In granting summary judgment to FMC in October 2024, the district court relied exclusively on *Hughes v. Terminix Pest Control, Inc.*, No. 23-30617, 2024 WL 3440465 (5th Cir. 17 July 2024), to conclude Pietsch's impairment was "too attenuated to support a finding of disability under the ADA".

## II.

A summary judgment is reviewed *de novo. E.g.*, *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017). It is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a).

Pietsch contends: his impairment renders him disabled because it prevents his receiving the COVID-19 vaccine, which in turn prevents his working for FMC; and its granting him an accommodation serves as an admission of his disability. FMC, contending that only one issue exists, responds that *Hughes*' reasoning, relied upon by the district court, applies and therefore prevents Pietsch from proving disability. We agree.

### A.

To prove disability under the ADA, an individual must meet one of three conditions: "a physical or mental impairment that substantially limits one or more major life activities of such individual" (actual disability); "a record of such an impairment" (recorded as disabled); or "being regarded as having such an impairment" (regarded as disabled). 42 U.S.C. § 12102(1)(A)–(C). Pietsch claims only actual disability. Moreover, only the

"substantially limits" requirement for actual disability is in dispute. Restated, the parties do not dispute whether Pietsch is impaired or whether his work constitutes a major life activity. *See* 29 C.F.R. § 1630.2(h)(1) (including cardiovascular disorders and conditions in definition of "physical impairment"); *id.* § 1630.2(i)(1)(i) (including work in definition of "major life activity").

For substantial limitation, Pietsch does not contend his condition prevented his working. (With it, he was, of course, working.) Rather, he maintains it prevented his safely receiving the vaccine mandated by FMC. Accordingly, this issue turns on whether Pietsch's impairment—his inability to receive the vaccine because of his condition—substantially limits his ability to work.

*Hughes* is unpublished; but, it is directly on point. And, although post January 1996, unpublished opinions are not precedential, *see* 5TH CIR. R. 47.5.4, they can be persuasive, *see United States v. Johnson*, 619 F.3d 469, 473 n.3 (5th Cir. 2010). Moreover, decisions from other circuits also require a stronger causal link between impairment and major life activity than Pietsch contends. *See id.* ("[D]ecisions from other circuits . . . may be considered persuasive authority".).

In their action against their employers under the ADA, the *Hughes* plaintiffs asserted "they [were] disabled because their preexisting health conditions prevent[ed] them from safely receiving the COVID-19 vaccine, which in turn prevent[ed] them from working the class of jobs that mandates those vaccines". *Hughes*, 2024 WL 3440465, at *1. *Hughes* held that, in granting defendant's motion to dismiss, the "district court did not err . . . in rejecting these alleged indirect limitations on a major life activity as being too attenuated under this court's caselaw". *Id.* Further, *Hughes* noted that, "[i]n cases where this court has found . . . plaintiff disabled . . . the disability

itself *directly limited* the life activity at issue". *Id.* (emphasis added). As an example of such cases, *Hughes* cited *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 482 (5th Cir. 2023), which held an employee's alcoholism "substantially impacted the major life activities of thinking, concentrating, and caring for" himself: a direct limitation.

*Hughes* is extremely persuasive. And, as stated, other circuits also require a stronger causal link between impairment and major life activity than Pietsch contends. *E.g.*, *Verhoff v. Time Warner Cable, Inc.*, 299 F. App'x 488, 493 (6th Cir. 2008) (stating "plaintiffs [who] argued that their impairments *directly* affected their ability to think, learn, or concentrate" proved disability in prior cases (emphasis in original)); *Bartlett v. N.Y. State Bd. of L. Examiners*, 226 F.3d 69, 84–85 (2d Cir. 2000) (holding "the definition of disability . . . encompasses the requirement that it be the impairment, and not some other factor or factors, that causes the substantial limitation" (citation omitted)).

Like plaintiffs in *Hughes*, Pietsch asserts "disab[ility] because [his] preexisting health condition prevent[ed him] from safely receiving the COVID-19 vaccine, which in turn prevent[ed him] from working the class of jobs that mandates those vaccines". *Hughes*, 2024 WL 3440465, at *1 (citation omitted). His attempts to distinguish *Hughes* fail.

## B.

Turning to Pietsch's second contention—that FMC granted him an accommodation (although his complaint alleges not a reasonable accommodation) which serves as an admission of disability—he admitted in his deposition that FMC "never admitted . . . disability". In any event, his failing to show disability under the ADA is dispositive.

No. 24-20514

## III.

For the foregoing reasons, the judgment is AFFIRMED.

No. 24-20514

Don R. Willett, *Circuit Judge*, concurring:

I write separately to underscore a narrow—but decisive—point of statutory interpretation.

The ADA defines disability in specific terms: "a physical or mental impairment that substantially limits one or more major life activities."[1] In 2008, Congress deliberately loosened that standard through the ADA Amendments Act (ADAAA) to "make it easier for people with disabilities to obtain protection under the ADA."[2] Consistent with that instruction, the implementing regulations caution courts against making the "substantially limits" inquiry unduly "extensive."[3] But lowering the bar is not the same as eliminating it. Even after Congress recalibrated the threshold in 2008, the statute preserved a core requirement: the impairment itself must do the limiting. That distinction preserves the statute's focus on the impairment, rather than on the downstream effects of employer policies.

Our precedent reflects that balance. We have recognized, for example, that even episodic impairments—alcoholism among them—can qualify as disabilities.[4] But that conclusion rested on an explicit statutory command. The ADAAA specifically provides that episodic impairments may constitute

---

[1] 42 U.S.C. § 12102(1)(A).

[2] 29 C.F.R. § 1630.1(c)(4).

[3] *Id.* § 1630.2(j)(1)(iii)–(iv); *see also Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590–91 (5th Cir. 2016) (discussing the effect of the ADAAA regulations on the disability analysis).

[4] *See Mueck v. La Grange Acquisitions L.P.*, 75 F.4th 469, 479, 481 (5th Cir. 2023).

disabilities.[5] That textual hook does real work. I see no comparable statutory or regulatory language supporting the theory Pietsch advances here.[6]

Pietsch's theory proceeds by indirection—a causal chain in which the alleged limitation arises only after multiple intervening steps. His heart condition prevents vaccination; the lack of vaccination prevents him from holding the same job; therefore, his condition substantially limits a major life activity.

That is not the statute Congress wrote. Disability turns on what an impairment limits directly, not on what it may indirectly set in motion. We are not free to embellish Congress's words by recasting downstream effects into statutory limitations. Such an attenuated, multi-step causation theory cannot be squared with the statute as written.

Congress instructed courts to construe disability "broad[ly]"[7]—but not boundlessly. The statute still sets the perimeter of that command, and Pietsch's impairment, as alleged, lies beyond it.

---

[5] *See* 42 U.S.C. § 12102(4)(D).

[6] *See id.* § 12102(4) (listing additional considerations for the definition of "disability," none of which describe an indirect or downstream limitation).

[7] *Id.* § 12102(4)(A).